## In re The SOCIETY OF LLOYD'S JUDGMENT ENFORCEMENT LITIGATION

### No. 1607.

Judicial Panel on Multidistrict Litigation.

June 15, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., and KATHRYN H. VRATIL, Judges of the Panel.

## ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the actions listed on the attached Schedule A and pending in six districts as follows: one action each in the Southern District of California, the District of District of Columbia, the District of Massachusetts, the District of New Jersey, the Southern District of New York, and the Western District of North Carolina.[1] The two defendants in the District of District of Columbia action move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of District of Columbia. All respondents to the motion oppose transfer. They are: i) The Society of Lloyd's, which is the plaintiff in all actions, ii) seventeen of the 22 remaining defendants in the Southern District of California action, iii) one of the four remaining defendants in the District of Massachusetts action, and iv) two of the three defendants in the Western District of North Carolina action.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to persuade us that any common questions of fact and law in this docket are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). *See also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

### SCHEDULE A

*MDL–1607—In re The Society of Lloyd's Judgment Enforcement Litigation*

*Southern District of California*

*The Society of Lloyd's v. Robert C. Blackwell, et al.*, C.A. No. 3:02–448

*District of District of Columbia*

*The Society of Lloyd's v. Gillian Mary Siemon–Netto, et al.*, C.A. No. 1:03–1524

*District of Massachusetts*

*The Society of Lloyd's v. Daniel Francis Coughlin, et al.*, C.A. No. 1:03–10949

*District of New Jersey*

*The Society of Lloyd's v. Peter A. Benz*, C.A. No. 2:03–3255

*Southern District of New York*

*The Society of Lloyd's v. Minna Jane Edelman, et al.*, C.A. No. 1:03–4921

---

1. The Section 1407 motion, as filed, also pertained to two additional actions: *The Society of Lloyd's v. William Alexander Florence, et al.*, W.D. Washington, C.A. No. 2:03–2868; and *The Society of Lloyd's v. Jon Poley*, S.D. Florida, C.A. No. 1:03–21948. The Washington action was dismissed with prejudice, pursuant to a stipulation of the parties, on April 4, 2004, and the Florida action was dismissed without prejudice, pursuant to the plaintiff's voluntary dismissal, on May 4, 2004. Accordingly, the question of Section 1407 transfer with respect to these two actions is now moot. We also note that, with respect to the six remaining actions subject to the motion and listed on Schedule A, i) a final judgment that is now on appeal was entered in the Southern District of California action in May 2003; and ii) the District of New Jersey action has been ordered administratively terminated because of the sole defendant's September 2003 bankruptcy filing.

*Western District of North Carolina*
*The Society of Lloyd's v. Gary Norman*
*Michalove, et al., C.A. No. 3:03–594*